Patrick McMahon, WSBA #18809
Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
P.O. Box 2965
Wenatchee, WA  98807-2965
509-662-6131
509-663-0679 Facsimile
patm@carlson-mcmahon.org

THE HONORABLE THOMAS O. RICE
APRIL 10, 2017, 6:30 P.M.
WITHOUT ORAL ARGUMENT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD THOMAS SUMMERS, One of the People,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WENATCHEE POLICE DEPARTMENT, an agency of the City of Wenatchee; RYAN WEATHERMAN in his individual capacity as an Officer of the Wenatchee Police Department; GARY BRYANT in his individual capacity as an Officer of the Wenatchee Police Department; JOSH VIRNIG in his individual capacity as an Officer of the Wenatchee Police Department; ANDY SUND in his individual capacity as an Officer of the Wenatchee Police Department; CHELAN COUNTY DISTRICT COURT and Named District and Superior Court Defendants; CITY OF WENATCHEE OFFICE OF CITY ATTORNEY and Named Defendants,<br><br>Defendants. | NO. 2:16-CV-00371-TOR<br><br>**DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM** |

DEFENDANTS' JOINT MOTION TO DISMISS FOR
IMPROPER SERVICE AND FAILURE TO STATE A
CLAIM
Page 1

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

COME NOW, the Defendants, collectively and jointly, by and through their respective attorneys of record, and pursuant to Fed. R. Civ. P. 12(b) (4), (5), and (6), hereby respectfully move this Court to dismiss Plaintiff's Complaint in its entirety for insufficient process; insufficient service of process; and failure to state a claim upon which relief may be granted. Additionally, the Plaintiff's Complaint should be dismissed for its failure to comply with the provisions of Heck v. Humphrey, 512 U.S. 477 (1994).

## I. Procedural History

The Plaintiff is Pro Se and filed his Complaint on October 21, 2016, identifying a number of entities and individuals as Named Defendants. (See ECF Doc. No. 1.).

Attorney Patrick McMahon appeared for Defendants Wenatchee Police Department, and individual Wenatchee Police Department Officers Ryan Weatherman, Gary Bryant, Josh Virnig and Andy Sund (hereinafter referred to as "City of Wenatchee Defendants."). (ECF Doc. No. 4). The Notice of Appearance specifically notifies the plaintiff that it was exclusive of service. (Id.).

Attorney Steve Smith filed a Notice of Appearance on behalf of Melissa Bailey, Michael Bradford, City of Wenatchee Office of City Attorney and Samantha Zimmerman (hereinafter referred to as "City Attorney Defendants."). (ECF Doc. No. 7.). This Notice of Appearance was also exclusive of service of process. (Id.).

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 2

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

Finally, Attorney Susan Hinkle filed a Notice of Appearance on behalf of the Chelan County District Court, Roy Fore, Nancy Harmon, Alicia Nakata and Thomas Warren (hereinafter referred to as "Chelan County Defendants."). (ECF Doc. No. 11.). This Notice of Appearance was also exclusive of service of process. (Id.).

**A. Insufficient Process on the City of Wenatchee Defendants.**

Tammy L. Stanger is the Certified Municipal Clerk for the City of Wenatchee. (See ECF Doc. No. 14 - Declaration of Tammy L. Stanger.). On October 26, 2016, at approximately 4:00 p.m., while on duty as the City Clerk, Ms. Stanger was handed five (5) Summons in the matter of <u>Richard Thomas Summers, One of the People vs. Chelan County District Court, City of Wenatchee Police Department, and City of Wenatchee Office of City Attorney</u>, U.S.D.C. Eastern District of Washington Case No. 2:16-cv-00371-SAB. (Id.). A true and correct copy of those five (5) Summons are attached to Ms. Stanger's Declaration as Exhibit No. 1. (Id.). The individuals named in the Summons are Wenatchee police officers. (Id.). The City Clerk was not – and to date has never – been served with a Complaint pertaining to this lawsuit. (Id.).

**B. Insufficient Service of Process on City Attorney Defendants.**

Johnson Gaukroger Smith & Marchant, P. S. ("JGSM") is, by contract, the appointed City Attorney for the City of Wenatchee. (ECF Doc. No. 15 – Declaration of Steve D. Smith). As the appointed City Attorney, JGSM acts as the prosecuting attorney for the City of Wenatchee, handling the prosecution aspects of City criminal

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 3

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

code violations. (Id.) On October 21, 2016, while in the offices of JGSM, Steve D. Smith was handed a manila envelope containing three Summonses, one for the City of Wenatchee Office of City Attorney, one for Michael Bradford, and one for Melanie Bailey. (Id.) The Summons were in the matter of <u>Richard Thomas Summers One of the People vs. Chelan County District Court, City of Wenatchee Police Department, and City of Wenatchee Office of the City Attorney</u>, U.S.D.C. Eastern District of Washington Case No. 2:16-cv-371-SAB. (Id.) True and correct copies of the Summonses and the outside of the manila envelope in which they were delivered are attached to Steve D. Smith's Declaration as Exhibit 1. (Id.) Samantha Zimmerman is a former employee of JGSM and served in the role of the City prosecuting attorney from June 28, 2016 to September 23, 2016. (Id.) Ms. Zimmerman received a copy of a Summons in this matter by mail and email on November 16, 2016. (ECF Doc. No. 16 – Declaration of Samantha Zimmerman). Mr. Bradford, Ms. Bailey and Ms. Zimmerman are, or were, employees of JGSM and served in the role of prosecutors for the City of Wenatchee. (ECF Doc. No. 15). At the time the Summonses were served, there was no Complaint served with it. (ECF Doc. Nos. 15 and 16). JGSM, the office of the City of Wenatchee City Attorney, Mr. Bradford, Ms. Bailey and Ms. Zimmerman, to this date have not been served with a Complaint pertaining to this action. (Id.)

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 4

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131   Fax (509) 663-0679

### C. Insufficient Service of Process on Chelan County Defendants.

Carlye Baity is the Clerk of the Chelan County Board of Commissioners. (See ECF Doc. No. 17 – Declaration of Carlye Baity.) On October 26, 2016, while on duty as the Clerk of the Board, Ms. Baity was handed a manila envelope containing five (5) Summonses in the matter of <u>Richard Thomas Summers, One of the People vs. Chelan County District Court, City of Wenatchee Police Department, and City of Wenatchee Office of the City Attorney</u>, U.S.D.C. Eastern District of Washington Case No. 2:16-cv-00371-SAB. (Id.). A true and correct copy of those five (5) Summonses and the outside of the manila envelope are attached to Ms. Baity's Declaration as Exhibit 1. (Id.). The individuals named in the Summonses are Chelan County Judges. To this date, the Clerk of the Board has never been provided with a Complaint pertaining to this lawsuit. Freeman L. Moore is the duly elected Auditor for Chelan County. (See ECF Doc. No. 18 – Declaration of Freeman L. Moore.). Andrea Hanson is a duly appointed Deputy Auditor for Chelan County. (See ECF Doc. No. 19 – Declaration of Andrea Hanson.). The Chelan County Auditor was not, and to this date has never been, served with a Summons and Complaint pertaining to this lawsuit.

### II. Statement of Facts

On April 18, 2016, Wenatchee police officers responded to an "alarm" coming from the Wenatchee Petroleum building and made contact with the Plaintiff who was

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 5

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

inside his vehicle. (See, ECF Doc. No. 1.). The Plaintiff informed the officers that he performed janitorial services for the building. (Id.).

Upon noticing that the vehicle that Plaintiff was operating had private license plates, Officer Weatherman asked to see Plaintiff's identification and Plaintiff provided his passport. (Id.). The officer then advised the Plaintiff that his driver's license was suspended and that he would be issued a criminal citation. (Id.).

During the encounter with Wenatchee Police Department officers, one of the officers noticed that the Plaintiff had a gun located on the driver's side floorboard, next to his feet. (Id.). The officers instructed the Plaintiff to place his hands on the steering wheel. (Id.). Concerned for his safety, Officer Weatherman asked the Plaintiff why he had not mentioned that a firearm was in his vehicle. (Id.).

As the situation intensified, Plaintiff demanded that the County Sheriff come to the scene and advised the City police officers that the County Sheriff had powers "over the County." (Id.). During this discussion, the Plaintiff removed his hands from the steering wheel and reached down at one point with his hands to turn off his phone alarm. (Id.). As the officers attempted to extricate the Plaintiff from his vehicle, based on these movements, the Plaintiff proceeded to shut and lock his vehicle door and roll up the window. (Id.). Ultimately, the officers were able to remove the Plaintiff from the vehicle. (Id.).

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 6

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

## Facts Related to Criminal Charges

As a result of the interaction described in Plaintiff's Complaint, the Wenatchee Police Department charged the Plaintiff with Driving While License Suspended, Third Degree, in violation of RCW 46.30.342.1(c).  He was charged with being in possession of a vehicle with obscured vehicle identification number in violation of RCW 46.12.720.  The Plaintiff was also charged with the crime of Obstructing a Police Officer in violation of Wenatchee City Criminal Code 6A.08.010 and Resisting Arrest in violation of Wenatchee City Criminal Code 6A.08.020.  (See ECF No. 20 - Declaration of Special Prosecuting Attorney Travis Brandt.).  These criminal charges are still pending in Chelan County District Court and have not been resolved. (Id.).  The City intends to proceed with the prosecution of the charges.  (Id.).

### III.   Legal Analysis

**A. Standard for Proper Service of Process.**

Fed. R. Civ. P. 4(c)(1) states the following:

> **A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.**

Fed. R. Civ.P. 4 (e) (2) requires that the Summons and Complaint be served personally.

Additionally, Fed. R. Civ. P. 4(m) provides, in pertinent part, the following:

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 7

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

> **Time Limit for Service.  If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.**

Here, Plaintiff's Complaint was filed with the Court on October 21, 2016. (See ECF No. 1.).  More than ninety (90) days have elapsed since the filing of the Complaint and, to date, the Plaintiff has failed to properly serve the Summons and Complaint in accordance with the Federal Rules of Civil Procedure. As such, his Complaint must be dismissed, as to all Defendants.

### B. Fed. R. Civ. P. 12(b)(6) Standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Lacey v. Maricopa Co., 693 F.3d 896, 911 (9th Cir. 2012) *quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) in turn, *quoting*, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.  Iqbal, 556 U.S. at 678 *quoting* Twombly, 550 U.S. 555, 557 (citations omitted.).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Threadbare recitals of the elements of a cause of action, supported

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 8

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678; Papasan v. Allain, 478 U.S. 265, 286 (1986). The pleading standard of Fed. R. Civ. P. 8 "demands more than an unadorned, the defendant - unlawfully – harmed me – accusation." Iqbal, 556 U.S. at 678.

In analyzing a pleading, the court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 677-684; Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

On a motion for judgment on the pleadings, the court may consider documents relied on in a complaint without converting the motion to one for summary judgment. Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001.). A court may consider evidence on which the complaint necessarily relies if: 1) the complaint refers to the document; 2) the document is central to the plaintiff's claim; and 3) no party questions the authenticity of the copy attached to the Fed. R. Civ. P. 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). See, Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (Even if the plaintiffs' complaint does not explicitly refer to documents, if plaintiffs predicate their

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 9

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

claims on those documents, defendants may rely on them.).  Further, pursuant to Fed. R. Evid. 201, a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**C. Plaintiff fails to set forth facts establishing a Civil Rights Cause of Action.**

42 U.S.C. provides:

**Every person who, under color of any, statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.**

**[Section] 1983 'is not itself a source of substantive rights', but merely provides 'a method for vindicating federal rights elsewhere conferred.'** Graham v. Connor, 490 U.S. 386, 393-94 (1989) (*quoting* Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

Traditionally, the requirements for relief under 42 U.S.C. § 1983 have been articulated as:  1) a violation of rights protected by the Constitution or created by federal statute, 2) proximately caused, 3) by conduct of a person and 4) acting under color of state law.  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Or, more simply, courts have required plaintiffs to plead that: 1) the defendants acting under color of state law, 2) deprived plaintiffs of rights secured by the Constitution or federal statutes.

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 10

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also Pistor v. Garcia, 791 F.3d 1104, 1114 (9th Cir. 2015).

Here, Plaintiff's Complaint does nothing more than set forth a litany of the interactions he had with police officers which did not meet his approval. The facts as pleaded fail to state what constitutional rights, protected by the Constitution or created by federal statute, were violated and proximately caused by persons acting under color of state law. Moreover, pursuant to Fed. R. Civ. P. 8(a)(2), the pleading stating a claim for relief is required to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's Complaint fails to state any cause of action on which relief may be granted and should be dismissed.

### D. Plaintiff fails to comply with Heck v. Humphrey.

Even assuming, *arguendo*, that Plaintiff's Complaint states a viable 42 U.S.C. § 1983 cause of action, it fails to meet the requirements of Heck v. Humphrey, 512 U.S. 477, 486-87, which provides, in pertinent part, the following:

> **We hold that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or a sentence that has not been so invalidated is not cognizable under § 1983.**

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 11

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

Here, as set forth in the Declaration of the City of Wenatchee's Special Prosecutor, the underlying criminal charges levied against the Plaintiff are ongoing criminal prosecutions in Chelan County District Court and have not been resolved. Moreover, the Special Prosecutor indicates that the City of Wenatchee fully intends to prosecute these cases to a final resolution. As such, any § 1983 claim purportedly brought by the Plaintiff is premature and must be dismissed at this juncture.

## IV. Conclusion

For the reasons set forth above, the Plaintiff's Complaint must be dismissed in its entirety as it pertains to all of the Defendants.

Respectfully submitted,

Dated: February 14, 2017

/s/ Patrick McMahon
PATRICK MCMAHON, WSBA #18809
Attorney for City of Wenatchee Police Department Defendants

Dated: February 14, 2017

/s/ Steve D. Smith
STEVE D. SMITH, WSBA #16613
Attorney for City of Wenatchee Office of City Attorney Defendants

Dated: February 14, 2017

/s/ Susan E. Hinkle
SUSAN E. HINKLE, WSBA #18276
Attorney for Chelan County District Court Defendants

AWC05-02406\PLE\Joint Mtn to Dismiss.(Final as of 2-14-17)

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 12

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

# CERTIFICATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on February 14, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Washington using the CM/ECF system which will send notification of such filing to:


And I certify that I have mailed by United States Postal Service the foregoing to the following, Plaintiff Pro Se:

> Richard Thomas Summers
> 836 Willowbrook Drive
> Wenatchee WA 98801


Signed at Wenatchee, Washington on February 14, 2017.

                              /s/ PATRICK McMAHON
                              PATRICK McMAHON

DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO STATE A CLAIM
Page 13

Carlson, McMahon & Sealby, PLLC
37 South Wenatchee Avenue, Suite F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131   Fax (509) 663-0679